**PIKE et al.**
v.
**RUBY FOO'S DEN, INC., OF MARYLAND et al.**

Civ. A. No. 3296-53.

United States District Court
District of Columbia.

Nov. 10, 1953.

Ward B. McCarthy, Washington, D. C., for plaintiffs.

Manuel J. Davis, Washington, D. C., for defendants.

James C. Toomey, Washington, D. C., receiver, pro se.

KEECH, District Judge.

I hold that the trade name "Ruby Foo's" used by the restaurant in the District of Columbia is an asset of the corporation, Ruby Foo's Den, Inc.

■ A trade-mark or trade name is merely a protection for the good will of a business, and is not the subject of property except in connection with an existing business. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 412–414, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 97, 39 S.Ct. 48, 63 L.Ed. 141.

■ Basically, a trade name is entitled to protection only where the owner is doing business or where the name has acquired a secondary meaning identifying the goods or business with such owner.

■ The mere fact that a trade name may have acquired a secondary meaning in one jurisdiction does not vest the owner with the right to preempt the use of that trade name in another jurisdiction where it has not become identified with his business or goods. Food Fair Stores, Inc., v. Square Deal Market Co., Inc., D.C.Cir., 206 F. 2d 482.

■■ I hold that the plaintiff Florence A. Pike has failed to prove that the name "Ruby Foo's" had at the time of the licensing agreement or has now acquired such a secondary meaning as would identify the restaurant of the corporation in Washington as being connected with those operated by other corporations in Boston and New York. I hold further that any secondary meaning acquired in the District of Columbia by the trade name "Ruby Foo's" identifies the restaurant as that of the corporation, and is the result of the business and good will built up in the District of Columbia by the corporation.

The fact that confusion as to source might result from the sale of packaged food bearing a similar name does not affect the corporation's ownership of the trade name as applied to the restaurant in the District of Columbia, the plaintiff Florence Pike having created the likelihood of confusion when she purported to license the use of the trade name by the corporation. Food Fair Stores, Inc., v. Square Deal Market Co., Inc., supra.

I therefore hold the trade name "Ruby Foo's" subject to sale along with the other assets of the business, which is being sold as a whole. Richmond Nervine Co. v. Richmond, 159 U.S. 293, 300, 16 S.Ct. 30, 40 L.Ed. 155.